**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION**

JAMES LEE PRICER                                                                          PLAINTIFF
ADC #144920

V.                                        NO: 4:12CV00454 JMM/HDY

SCOTT BRADLEY *et al.*                                                                DEFENDANTS


## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody.  Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection

is to a factual finding, specifically identify that finding and the evidence that supports your

objection.  An original and one copy of your objections must be received in the office of the United

States District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.  Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at

the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

1

3.      The detail of any testimony desired to be introduced at the
hearing before the District Judge in the form of an offer of
proof, and a copy, or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary

hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff James Lee Pricer filed this complaint on July 25, 2012, alleging constitutional

violations in connection with injuries he sustained when he slipped on water in his cell. Defendants

are Sheriff Scott Bradley of Van Buren County, and Jail Administrator Randy Murray of the Van

Buren County Jail. Defendants filed a motion for summary judgment, a brief in support, and a

statement of facts, on February 6, 2013 (docket entries #22-#24). Although Plaintiff has been

granted additional time to file a response (docket entry #32), he has not done so.

### I.  Standard of review

Summary judgment is only appropriate "if the pleadings, depositions, answers to

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court must

view the facts, and inferences to be drawn from those facts, in the light most favorable to the

2

nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 587 (1986).

A moving party is entitled to summary judgment if the nonmoving party has failed to make a

showing sufficient to establish the existence of an element essential to that party's case. *Celotex*,

477 U.S. at 322-23. The Eighth Circuit has held that "[o]nly disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary judgment."

*Dulany v. Carnahan*, 132 F.3d 1234, 1237 (8th Cir. 1997) (quoting *Anderson v. Liberty Lobby, Inc*.,

477 U.S. 242, 248 (1986)).

## II.  Analysis

According to Plaintiff's complaint, he was held at the Van Buren County Detention Center

on July 14, 2012, when he slipped on water and hit his head on the concrete floor.  Plaintiff asserts

the water came from a sink which had a broken faucet.  Plaintiff contends that he was on the floor

unconscious for at least 20 minutes before he was transported to the hospital.  Eventually, Plaintiff

was taken to a local hospital, where his examination included x-rays of his spine, and CT scans of

his brain and cervical spine (docket entry #31-4).  In essence, Plaintiff contends that he has been

subjected to unconstitutional conditions of confinement, and denied adequate medical care.

Defendants argue that they are entitled to summary judgment because Plaintiff failed to

exhaust his administrative remedies before he filed this lawsuit, that Plaintiff was not subjected to

unconstitutional conditions of confinement and has alleged at most negligence, that Defendants were

not personally involved, that there was no deliberate indifference to Plaintiffs' medical needs, that

Plaintiff cannot provide proof of any unconstitutional policy or practice, and that they are entitled

to qualified immunity.

Exhaustion

Lack of exhaustion is an affirmative defense, which must be proved by defendants, and need not be pleaded by the plaintiff. *Nerness v. Johnson*, 401 F.3d 874, 876 (8th Cir. 2005)(per curiam). The Prison Litigation Reform Act ("PLRA") "requires a prisoner to exhaust 'such administrative remedies as are available' before suing over prison conditions." *Booth v. Churner*, 532 U.S. 731, 733-34 (2001). Although Defendants assert that Plaintiff failed to exhaust the claims he has raised in this complaint, he testified at his deposition that he filed two grievances, and was transferred the next day (docket entry #31-3, pages #45-#46). That testimony is inconsistent with Plaintiff's complaint, wherein he alleged that he did not file any grievances. However, material facts remain in dispute as to whether Plaintiff exhausted his administrative remedies, and Defendants are therefore not entitled to summary judgment on that basis.

Conditions of confinement

To prevail on a condition-of-confinement claim, inmates or pre-trial detainees must show: (1) the condition was serious enough to deprive them of the minimal civilized measure of life's necessities, or to constitute a substantial risk of serious harm, and (2) officials were deliberately indifferent to the inmates' health and safety. *Smith v. Copeland*, 87 F.3d 265, 268 (8th Cir.1996); *Frye v. Pettis County Sheriff Dept.*, 41 Fed.Appx. 906 at *1 (8th Cir. 2002)(unpub. per curiam).

Nothing in Plaintiff's complaint suggests that the water on the floor denied him the minimal civilized measure of life's necessities. Even assuming that Plaintiff was exposed to a substantial risk of serious harm, neither Defendant was deliberately indifferent to the risk that did exist. According to Murray's affidavit, no sink repairs were required, even after it was inspected following the incident (docket entry #31-1). Plaintiff conceded at his deposition that he had no evidence that either Defendant was aware of the malfunctioning sink, and that he never submitted a grievance

about the sink before he fell (docket entry #31-3, pages #43-#45), and Defendants were not present the night of the incident.  Thus, neither Defendant was aware of any risk of harm Plaintiff faced and, therefore, could not be found to have acted with deliberate indifference to a substantial risk of serious harm.

Medical care

Although Plaintiff was a pre-trial detainee at the time the events complained of occurred, the same Eighth Amendment standards are applied to inadequate medical care claims made by pre-trial detainees and convicted prisoners.  *Vaughn v. Green County, Ark.*, 438 F.3d 845, 850 (8th Cir. 2006).  To succeed with an inadequate medical care claim, a plaintiff must allege and prove that: (1) he had objectively serious medical needs; and (2) prison officials subjectively knew of, but deliberately disregarded, those serious medical needs.  *Dulany v. Carnahan*, 132 F.3d at 239. Plaintiff cannot demonstrate such deliberate indifference.

Neither Defendant was present the night Plaintiff slipped in his cell, and it is clear that Plaintiff was transported by ambulance to a hospital for a precautionary assessment.  Plaintiff left the detention center less than two days later.  Plaintiff has presented no medical evidence to suggest the care he received was deficient or, even assuming deficient care, that either Defendant was responsible for such care.  Thus, the undisputed facts demonstrate that neither Defendant was deliberately indifferent to Plaintiff's medical needs.  Accordingly, Defendants are entitled to summary judgment.

### III.  Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.      Defendants' motion for summary judgment (docket entry #29) be GRANTED, and

Plaintiff's complaint be DISMISSED WITH PREJUDICE.

      2.      The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

      DATED this __18__ day of March, 2013.

_____
UNITED STATES MAGISTRATE JUDGE